### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

KIMBERLY FULLER,

                Plaintiff,

v.

JET BLUE AIRWAYS CORPORATION,

                Defendant.

Civil Action No.

[*Removed from the Suffolk County Superior Court of the Commonwealth of Massachusetts; Case No. 19-CV-3233 (F)*]

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant JetBlue Airways Corporation ("JetBlue") (incorrectly named as "Jet Blue Airways Corporation") respectfully submits this Notice of Removal of the instant civil action. Removal of this action is based upon the following:

## BACKGROUND

1. On or about October 16, 2019, Plaintiff Kimberly Fuller ("Plaintiff") commenced a civil action against JetBlue in the Suffolk County Superior Court of the Commonwealth of Massachusetts with the Civil Action No. 19-CV-3233 (F) alleging violations of the Family and Medical Leave Act, 29 U.S.C. 2601 *et seq.* ("FMLA"), and Massachusetts G. L. c. 151B (the "State Court Action").

2. On October 18, 2019, a copy of the Complaint and Summons in connection with the State Court Action was served upon JetBlue.

3.     True and correct copies of the summons and complaint served on JetBlue are attached hereto as **Exhibit 1**. The documents at Exhibit 1 constitute all process, pleadings, and orders served on JetBlue in this action.

4.     In accordance with the requirements of 28 U.S.C. § 1446(b), this notice of removal is filed within thirty (30) days after Plaintiff served JetBlue with a copy of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354-55 (1999).

## VENUE

5.     The United States District Court for the District of Massachusetts includes the county in which Plaintiff filed her Complaint.  Thus, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

## REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION

6.     Under federal question jurisdiction, the United States district courts "have original jurisdiction over all civil actions arising under federal law."  See 28 U.S.C. §1331.

7.     In her Complaint, Plaintiff purports to seek damages pursuant to the FMLA.

8.     The FMLA are laws of the United States, and consequently, this Court has federal question jurisdiction over Plaintiff's FMLA claim.

9.     Furthermore, where a removable claim or cause of action is joined with one or more otherwise non-removable claims for causes of action, "the entire case may be removed and the district court may determine all issues therein."  28 U.S.C. § 1441(c).  Plaintiff's Complaint also includes claims under Massachusetts G. L. c. 151B.  (See Complaint ¶¶ 58-59.)  As such, this Court may exercise supplemental jurisdiction over Plaintiff's pendent state law claims as

they arise out of the same facts and circumstances as Plaintiff's federal claim.  See 28 U.S.C. § 1367.

10.     Accordingly, this action is removable in its entirety to this Court pursuant to the provisions of 28 U.S.C. § 1441.

### REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

11.     The State Court Action is being removed to this Court on the grounds that original jurisdiction of this action is in this Court.  Specifically, all of the parties are of diverse citizenship and more than $75,000 is in controversy.

12.     Plaintiff is a citizen of the Commonwealth of Massachusetts.  (See Complaint ¶ 14.)

13.     For diversity purposes, a corporation is a citizen of the state in which it is incorporated and the state that constitutes its principal place of business.  28 U.S.C. § 1332(c)(1). The United States Supreme Court has held that a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," i.e., the "nerve center" of the business.  See Hertz Corp. v. Friend, 559 U.S. 77, 91-92 (2010). The Court has also described the principal place of business as "the place where the corporation maintains its headquarters."  Id.

14.     JetBlue was incorporated in Delaware in August 1998.  See Declaration of Devina Dewnarayan ("Dewnarayan Decl.") ¶ 7.  JetBlue's officers direct, control, and coordinate the corporation's activities primarily from New York.  See id.  JetBlue's corporate headquarters and principal place of business are located at 27-01 Queens Plaza, Long Island City, New York 11101.  See id.  The books and records of JetBlue are maintained in New York.  See id.

Accordingly, for the purposes of federal diversity jurisdiction, JetBlue is a citizen of the States of Delaware and New York.  JetBlue is not a citizen of the Commonwealth of Massachusetts.

15.     Accordingly, complete diversity of citizenship exists in this matter between Plaintiff and JetBlue.

16.     As to the amount in controversy, in determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  See Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347-48 (1977).

17.     Based on Plaintiff's allegations, the amount in controversy in the instant case exceeds the sum of $75,000.

18.     Specifically, Plaintiff seeks damages including lost wages, emotional distress damages, punitive damages, and attorneys' fees.  (Complaint ¶ 62.)  Here, Plaintiff's alleged lost wages alone satisfy the amount-in-controversy requirement.  On the Civil Action Cover Sheet, Plaintiff indicated that she seeks in excess of $100,000 in lost wages.

19.     Accordingly, the State Court Action is removable to the Court under 28 U.S.C. § 1441(a).

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

20.     This Notice of Removal has been filed within 30 days after Plaintiff served JetBlue with the Complaint and is thus timely under 28 U.S.C. § 1446(b).

21.     No previous Notice of Removal has been filed or made with this Court.

22.     Copies of all process, pleadings, orders, and other papers or exhibits of every kind currently on file in the Suffolk County Superior Court are attached to this Notice of Removal as **Exhibit 2**, as required by 28 U.S.C. § 1446(a).

23.     JetBlue will notify the Suffolk County Superior Court and Plaintiff of this Notice of Removal by filing with the Superior Court a Notice of Filing of Notice of Removal.  A copy of that notification, which will be sent to the Suffolk County Superior Court, is attached hereto as **Exhibit 3**.

24.     JetBlue submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding Plaintiff has pled claims upon which relief may be granted.

25.     Plaintiff demanded a jury trial in the state court action.  (Complaint ¶ 61).

WHEREFORE, JetBlue prays that the State Court Action now pending against it in Suffolk County Superior Court of the Commonwealth of Massachusetts be removed therefrom to this Court.

Respectfully submitted,

JETBLUE AIRWAYS CORPORATION
By its attorneys,

 /s/ Erik J. Winton
Erik J. Winton (BBO No. 600743)
wintone@jacksonlewis.com
JACKSON LEWIS P.C.
75 Park Plaza
Boston, MA 02116
Telephone: (617) 367-0025
Facsimile: (617) 367-2155

Samantha Abeysekera, Esq.*
Rebecca A. Cox, Esq.*
*pro hac vice* application forthcoming
AKERMAN LLP
666 Fifth Avenue
New York, New York 10103
(212) 880-3000
Facsimile: (212) 905-6480

Dated:  November 7, 2019

## <u>CERTIFICATE OF SERVICE</u>

This hereby certifies that on this seventh day of November, 2019, a true and accurate copy of the above document was served upon Plaintiff's counsel, Chetan Tiwari, Tiwari Law, P.O. Box 190878, Boston, MA 02119, via first-class mail, postage prepaid.

<u>/s/ Erik J. Winton</u>
Jackson Lewis P.C.