# Exhibit 1

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1984CV03233 F

Kimberly Fuller, PLAINTIFF(S),

v.

JetBlue Airways Corp, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO Jet Blue Airways Corp. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court <u>and</u> mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Sup. Court, 3 Pemberton Sq, Boston MA 02108 (address), by mail or in person, <u>AND</u>
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: P.O. Box 190878 Roxbury, MA 02119

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A true copy Attest:
Deputy Sheriff Suffolk County

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Kimberly Fuller<br>ADDRESS: Winthrop, MA<br>02152 | | COUNTY<br><br>DEFENDANT(S): JetBlue Airways Corporation |
| ATTORNEY: Chetan Tiwari<br>ADDRESS: P.O. Box 190878<br>Roxbury, MA 02119 | | ADDRESS: HQ: 27-01 Queens Plaza North in Long Island City, NY<br>Service Agent: 84 State St. Boston MA, 02109 |
| BBO: 692912 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A01 | Employment | F | [X] YES [ ] NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

RECEIVED
OCT 16 2019
SUPERIOR COURT CIVIL
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

A. Documented medical expenses to date:
  1. Total hospital expenses ........................................ $
  2. Total doctor expenses .......................................... $
  3. Total chiropractic expenses ................................... $
  4. Total physical therapy expenses ............................... $
  5. Total other expenses (describe below) ......................... $
     Subtotal (A): $ >100,000
B. Documented lost wages and compensation to date ................. $ >100,000
C. Documented property damages to dated .......................... $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages ............................. $ >100,000
F. Other documented items of damages (describe below) ............ $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Lost wages, emotional distress

TOTAL (A-F):$ >100,000

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $ >100,000

Signature of Attorney/Pro Se Plaintiff: X                                        Date: Oct 16, 2019

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                                                Date: Oct 16, 2019

# COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, SS. | Superior Court Department<br>Civil Action No. _____ |

KIMBERLY FULLER, )
                )
           Plaintiff, )
v.                )    **JURY DEMANDED**
                )
JET BLUE AIRWAYS CORPORATION, )
                )
           Defendant. )

RECEIVED
OCT 16 2019
SUPERIOR COURT-CIVIL
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

## COMPLAINT

### INTRODUCTION

1. Kimberly Fuller ("Ms. Fuller"), is a female who lives with bipolar disorder, a disability under G.L.c. 151B.

2. Ms. Fuller worked for JetBlue Airways Corporation ("JetBlue"). JetBlue is an international travel company that hosts flights leaving Boston Logan International Airport located in Suffolk County, Massachusetts.

3. Ms. Fuller began working for JetBlue in September 2011 and was terminated after six years of successful employment in October 2017.

4. In August 2016, Ms. Fuller was assigned to work under a new manager Driss El Bouabidi ("Mr. Bouabidi").

5. Mr. Bouabidi treated Ms. Fuller differently than her peers, who were male, because of her gender.

6. Further, in November 2016, Ms. Fuller was diagnosed with bipolar disorder.

7. Consequently, Ms. Fuller began taking intermittent leave under the Family Medical Leave Act, 29 U.S.C. c. 28, ("FMLA") in January 2017.

8. After taking FMLA leave, Ms. Fuller was subjected to increased scrutiny at work and eventually terminated in October of 2017.

9. The Defendant unlawfully retaliated against Ms. Fuller for taking FMLA leave in violation of the FMLA.

10. Finally, JetBlue terminated Ms. Fuller's employment because of unlawful gender and disability discrimination and retaliation in violation of G.L. c. 151B, §4.

11. Consequently, Ms. Fuller is suing for damages.

## JURISDICTION

12. Venue is proper in this Court pursuant G.L. c. 151B, as more than 90 days has passed since this charge was filed with the Massachusetts Commission Against Discrimination ("MCAD").

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district, where Ms. Fuller performed work for JetBlue at Boston Logan International Airport located in Suffolk County.

## PARTIES

14. Complainant Ms. Fuller resides in Winthrop, MA 02152.

15. JetBlue Airways Corporation is registered as a corporation at 27-01 Queens Plaza North in Long Island City, NY with its registered agent located at 84 State St. Boston MA, 02109.

16. JetBlue has operations in Boston Logan International Airport in Suffolk County, Massachusetts. JetBlue employs over six (6) workers and is an employer for purposes of G.L.c. 151B.

17. Ms. Fuller was formerly employed by JetBlue from September 2011 until October 20, 2017 when she was unlawfully terminated.

## STATEMENT OF FACTS

18. Complainant is female and in November 2016, she lives with Bipolar Disorder.

19. In September 2011, JetBlue hired Ms. Fuller in North Carolina.

20. In November 2012, Ms. Fuller transferred to Boston as a Customer Service representative. In August 2014, Ms. Fuller was promoted to a Customer Service Supervisor.

21. In May 2015, Ms. Fuller became a Ground Operations Supervisor. Until July 2017, Ms. Fuller was the only female in her department.

22. From the start of her employment until this time Ms. Fuller received favorable performance reviews.

23. In August 2016, Mr. Bouabidi became one of Ms. Fuller's three managers.

24. Ms. Fuller primarily worked with Mr. Bouabidi during her shifts.

25. Mr. Bouabidi treated Ms. Fuller differently than the other supervisors who were male.

26. He refused to assign her projects that corresponded with her position such as analyzing operations with the purpose of minimizing baggage handling errors and organizing and developing the Boston customer service team for JetBlue's first-class products.

27. Instead, Mr. Bouabidi assigned her cleaning tasks. Specifically, he assigned Ms. Fuller to clean and organize storage closets.

28. At one point, Ms. Fuller was addressing an accident report subsequent to an incident that occurred on a loading ramp. Ms. Fuller was tasked with this because the accident was reported to her.

29. However, Mr. Bouabidi did not ask Ms. Fuller about this when he needed follow-up. He only asked the male supervisors about the incident and required follow-up.

30. Mr. Bouabidi also was more critical of Ms. Fuller's performance.

31. He gave Ms. Fuller negative performance reviews based on insignificant errors and did not give male employees negative performance reviews for making the same mistakes.

32. As part of her duties as a Ground Operations Supervisor Ms. Fuller attended daily leadership meetings.

33. In November 2016, Ms. Fuller was placed on a corrective action plan which cited a number of coaching sessions with Mr. Bouabidi that she allegedly had scheduled, but that did not take place.

34. In December 2016, Mr. Bouabidi told Ms. Fuller that she no longer had to attend daily leadership meetings without providing a reason.

35. This culture of favorable treatment towards male supervisors was part of the JetBlue culture.

36. Male supervisors had their own locker room, but female supervisors shared a locker room with other female employees.

37. In January 2017, Ms. Fuller complained to Mike Fiske ("Mr. Fiske") and Mike O' Donnell ("Mr. O'Donnell") a Human Resources Representative, that Mr. Bouabidi was treating her differently than her co-workers.

38. At this same meeting, Ms. Fuller listed specific examples of how she was being treated differently because of her gender. The representatives responses were that these incidents were irrelevant, that Ms. Fuller should look forward and that she should have thicker skin and that her complaints were not an issue.

39. In January 2017, through a seniority bidding process Ms. Fuller was permitted to transfer away from Mr. Bouabidi's shift, however he continued on as one of her three managers, as she remained in the same job role.

40. Additionally, in January, Ms. Fuller's bi-polar disorder became difficult to manage due to the workplace stress caused by Mr. Bouabidi's behavior.

41. The anxiety, panic attacks, and severe depression consequent to Ms. Fuller's bi-polar became too much for Ms. Fuller and she requested accommodations for her disability.

42. Ms. Fuller's began to take intermittent leave through her FMLA.

43. Ms. Fuller's intermittent leave requests were managed by an on-line system named Sedgewick.

44. This system required Ms. Fuller to provide prior notice to let JetBlue know she would not be available for a shift.

45. Further in March 2017, although he had not worked with her since January, Mr. Bouabidi conducted Ms. Fuller's mid-year performance review and ranked her poorly.

46. As required, Ms. Fuller would give prior notice if she had to call out.

47. Mr. Bouabidi and Gary Filacomo ("Mr. Filacomo"), another of Ms. Fuller's managers, began to scrutinize Ms. Fuller's performance even further after she began taking intermittent FMLA. In one instance they called her in to a meeting to review her time, after she was fifteen minutes late for one shift.

48. Furthermore, JetBlue began excluding Ms. Fuller from advancement and training opportunities due to her FMLA.

49. In June 2017 and again in July 2017 Ms. Fuller requested permission to take part in leadership opportunities, such as training new supervisors, however, there was no response.

50. Ms. Fuller followed-up with Mr. Filacomo and he said JetBlue would not assign her more duties. He stated that Ms. Fuller would not be given more duties because she was not adequately fulfilling her current job duties, even though she was.

51. In August 2017, Ms. Fuller received her mid-year performance review conducted by Mr. Filacomo.

52. Ms. Fuller was reprimanded for minor errors, such as not competing shift briefings, that other employees, mainly men, in her position were not reprimanded for.

53. On August 9, 2017 Ms. Fuller met with Mr. O'Donnell and Jessica Alvarez.

54. At this meeting, they accused Ms. Fuller of abusing her FMLA leave, and informed Ms. Fuller that her FMLA use was causing stress on JetBlue operations and pressured her not to use it.

55. On September 26, 2017 JetBlue suspended Ms. Fuller for alleged FMLA abuse and pending an investigation.

56. JetBlue did not ask Ms. Fuller to participate, in any manner, in the investigation.

57. Ms. Fuller did not hear from JetBlue again on October 20, 2017. JetBlue did not give Ms. Fuller a reason for terminating her nor did they inform her of the results of the investigation, even though she asked.

## CAUSES OF ACTION

58. Based upon the foregoing, JetBlue unlawfully discriminated against Ms. Fuller on the basis of gender, in violation of G.L.c. 151B, §4 by wrongfully, retaliating against her for complaining about the discriminatory treatment from her manager and wrongfully dismissing her.

59. Based on the foregoing, JetBlue unlawfully discriminated against Ms. Fuller on the basis of perceived disability and disability, in violation of G.L. c. 151B §4, by retaliating against her for requesting accommodations and wrongfully dismissing her.

60. Based on the foregoing, JetBlue unlawfully retaliated against Ms. Fuller for requesting FMLA leave.

## JURY DEMAND

61. Ms. Fuller hereby requests a trial by jury on all her claims.

## RELIEF

62. Ms. Fuller respectfully requests that the court award:

a) Damages in compensation for the discrimination suffered in the amount of the value of the wages and benefits (including but not limited to health insurance, sick and vacation benefits) lost by Ms. Fuller;

b) Damages for emotional distress suffered by Ms. Fuller;

c) Punitive damages designed to deter discriminatory conduct in the future;

d) An order enjoining the defendants from imposing discriminatory terms of employment on workers of different races, ethnicities or national origins presently or in the future;

e) Pre- and post-judgment interest;

f) Costs and attorney's fees; and

g) Such other relief as the Court deems appropriate.

Ms. Fuller requests a speedy trial.

Respectfully submitted,

KIMBERLY FULLER,
By her Attorneys

Dated: October 16, 2019

Chetan Tiwari, BBO #692912
TIWARI LAW
P.O. Box 190878
Boston, MA 02119
(617) 652-0650