UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KIMBERLY FULLER,

Plaintiff,

-against-

JET BLUE AIRWAYS CORPORATION,

Defendant.

Case No.: 1:19-cv-12297

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant JetBlue Airways Corporation ("JetBlue") (incorrectly named as "Jet Blue Airways Corporation"), by and through its attorneys, hereby responds to the Complaint of Plaintiff Kimberly Fuller ("Plaintiff") as follows. JetBlue denies each and every allegation in Plaintiff's Complaint not expressly admitted herein.

**AS AND FOR "INTRODUCTION"**

1. Paragraph "1" of the Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response. To the extent any response is required, JetBlue denies each and every allegation in Paragraph "1" of the Complaint, except: (i) admits Plaintiff is a female; and (ii) denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph "1" of the Complaint regarding Plaintiff's alleged bipolar disorder.

2. JetBlue denies the allegations contained in Paragraph "2" of the Complaint, except admits and avers that Plaintiff worked for JetBlue and JetBlue is an airline which operates flights out of Logan International Airport in Suffolk County, Massachusetts.

3. JetBlue denies each and every allegation set forth in Paragraph "3" of the Complaint, except admits that JetBlue employed Plaintiff from September 2011 until her termination in October 2017.

1

4. JetBlue denies each and every allegation set forth in Paragraph "4" of the Complaint, except admits that, in or around August 2016, Driss El Bouabidi was a Manager at BOS.

5. JetBlue denies each and every allegation set forth in Paragraph "5" of the Complaint.

6. JetBlue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph "6" of the Complaint.

7. JetBlue denies each and every allegation set forth in Paragraph "7" of the Complaint, except admits that in or around January 2017, Plaintiff was approved for intermittent FMLA leave.

8. JetBlue denies each and every allegation set forth in Paragraph "8" of the Complaint.

9. JetBlue denies each and every allegation set forth in Paragraph "9" of the Complaint.

10. JetBlue denies each and every allegation set forth in Paragraph "10" of the Complaint.

11. JetBlue admits that Plaintiff purports to seek damages but denies that Plaintiff is entitled to any of the requested relief.

## AS AND FOR "JURISDICTION"

12. Paragraph "12" of the Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response. To the extent any response is required, JetBlue denies each and every allegation in Paragraph "12" of the Complaint, except respectfully refers the Court to the "charge" for the true and correct content thereof.

13. Paragraph "13" of the Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response. To the extent any response is required, JetBlue denies each and every allegation in Paragraph "13" of the Complaint, except admits that Plaintiff performed work for JetBlue at Boston Logan International Airport located in Suffolk County.

## AS AND FOR "PARTIES"

14. JetBlue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph "14" of the Complaint.

15. JetBlue denies each and every allegation set forth in Paragraph "15" of the Complaint, except admits and avers that: (i) JetBlue is registered as a corporation; (ii) JetBlue's principal place of business is 27-01 Queens Plaza North in Long Island City, NY; and (iii) JetBlue has a registered agent located at 84 State St. Boston MA, 02109.

16. Paragraph "16" of the Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response. To the extent any response is required, JetBlue denies each and every allegation in Paragraph "16" of the Complaint, except admits that: (i) JetBlue has operations in Boston Logan International Airport in Suffolk County, Massachusetts; and (ii) JetBlue employs over six (6) workers.

17. JetBlue denies each and every allegation set forth in Paragraph "17" of the Complaint, except admits JetBlue employed Plaintiff from September 2011 until her termination in October 2017.

## AS AND TO "STATEMENT OF FACTS"

18. JetBlue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph "18" of the Complaint, except admits that Plaintiff is a female.

19. JetBlue denies each and every allegation contained in Paragraph "19" of the Complaint, except admits that, in or around September 2011, Plaintiff commenced employment with JetBlue based in North Carolina.

20. JetBlue denies each and every allegation contained in Paragraph "20" of the Complaint, except admits and avers that: (i) in or around November 2012, Plaintiff transferred to a Boston base; and (ii) in or around August 2014, Plaintiff was promoted.

21. JetBlue denies each and every allegation contained in Paragraph "21" of the Complaint, except admits that, during her employment, Plaintiff became a Ground Operations Supervisor.

22. JetBlue denies each and every allegation contained in Paragraph "22" of the Complaint.

23. JetBlue denies each and every allegation contained in Paragraph "23" of the Complaint, except admits that, in or around August 2016, Mr. Bouabidi was one of three JetBlue Ground Operations Managers at BOS.

24. JetBlue denies each and every allegation contained in Paragraph "24" of the Complaint.

25. JetBlue denies each and every allegation contained in Paragraph "25" of the Complaint.

26. JetBlue denies each and every allegation contained in Paragraph "26" of the Complaint.

27. JetBlue denies each and every allegation contained in Paragraph "27" of the Complaint.

28. JetBlue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph "28" of the Complaint.

29. JetBlue denies each and every allegation contained in Paragraph "29" of the Complaint.

30. JetBlue denies each and every allegation contained in Paragraph "30" of the Complaint.

31. JetBlue denies each and every allegation contained in Paragraph "31" of the Complaint.

32. JetBlue denies each and every allegation contained in Paragraph "32" of the Complaint, except admits that the duties of a Ground Operations Supervisor include meetings.

33. JetBlue denies each and every allegation contained in Paragraph "33" of the Complaint, except: (i) admits and avers that, in or around November 2016, Plaintiff was placed on a Crewmember Improvement Plan; and (ii) respectfully refers the Court to the "Crewmember Improvement Plan" for the true and correct content thereof.

34. JetBlue denies each and every allegation contained in Paragraph "34" of the Complaint.

35. JetBlue denies each and every allegation contained in Paragraph "35" of the Complaint.

36. JetBlue admits the allegations contained in Paragraph "36" of the Complaint.

37. JetBlue denies each and every allegation contained in Paragraph "37" of the Complaint, except admits and avers that, in or around January 2017, Plaintiff spoke with Michael

Fiske and Michael O'Donnell regarding workplace concerns, including Mr. Bouabidi's management style.

38. JetBlue denies each and every allegation contained in Paragraph "38" of the Complaint.

39. JetBlue denies each and every allegation contained in Paragraph "39" of the Complaint, except admits and avers that, in or around January 2017: (i) Plaintiff changed regular work shifts; (ii) Plaintiff remained a Ground Operations Supervisor; and (iii) Mr. Bouabidi remained a Ground Operations Manager.

40. JetBlue denies each and every allegation contained in Paragraph "40" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "40" of the Complaint regarding Plaintiff's alleged bipolar disorder and mental state.

41. Paragraph "41" of the Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response. To the extent any response is required, JetBlue denies each and every allegation in Paragraph "41" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "41" of the Complaint regarding Plaintiff's alleged bipolar disorder and mental state.

42. JetBlue denies each and every allegation contained in Paragraph "42" of the Complaint, except admits that during her employment Plaintiff was approved for intermittent FMLA leave.

43. JetBlue denies each and every allegation contained in Paragraph "43" of the Complaint, except admits and avers that JetBlue utilized a third-party benefits coordinator, Sedgewick.

44. JetBlue denies each and every allegation contained in Paragraph "44" of the Complaint.

45. JetBlue denies each and every allegation contained in Paragraph "45" of the Complaint, except respectfully refers the Court to the "performance review" for the true and correct content thereof.

46. JetBlue denies each and every allegation contained in Paragraph "46" of the Complaint, except admits that at certain times, Plaintiff notified JetBlue of absences.

47. JetBlue denies each and every allegation contained in Paragraph "47" of the Complaint, except admits that JetBlue Managers addressed Plaintiff's lateness with Plaintiff.

48. JetBlue denies each and every allegation contained in Paragraph "48" of the Complaint.

49. JetBlue denies each and every allegation contained in Paragraph "49" of the Complaint.

50. JetBlue denies each and every allegation contained in Paragraph "50" of the Complaint, except admits that Plaintiff did not adequately fulfill her job duties.

51. JetBlue denies each and every allegation contained in Paragraph "51" of the Complaint, except respectfully refers the Court to the "performance review" for the true and correct content thereof.

52. JetBlue denies each and every allegation contained in Paragraph "52" of the Complaint, except respectfully refers the Court to the "performance review" for the true and correct content thereof.

53. JetBlue admits the allegations contained in Paragraph "53" of the Complaint.

54. JetBlue denies each and every allegation contained in Paragraph "54" of the Complaint, except admits and avers that evidence of Plaintiff's abuse of FMLA leave was discussed during her meeting with Mr. O'Donnell and Ms. Alvarez.

55. JetBlue denies each and every allegation contained in Paragraph "55" of the Complaint, except admits that, on or about September 26, 2017, JetBlue suspended Plaintiff's employment pending an investigation.

56. JetBlue denies each and every allegation contained in Paragraph "56" of the Complaint.

57. JetBlue denies each and every allegation contained in Paragraph "57" of the Complaint.

## AS AND FOR "CAUSES OF ACTION"

58. JetBlue denies each and every allegation contained in Paragraph "58" of the Complaint.

59. JetBlue denies each and every allegation contained in Paragraph "59" of the Complaint.

60. JetBlue denies each and every allegation contained in Paragraph "60" of the Complaint.

## AS AND FOR "JURY DEMAND"

61. JetBlue admits that Plaintiff seeks a jury trial in this matter but denies that there are any issues so triable.

## AS AND FOR "Prayer for Relief"

62. JetBlue admits that Plaintiff seeks the relief set forth therein, but denies that Plaintiff is entitled to any relief whatsoever in this action.

## AFFIRMATIVE DEFENSES

JetBlue asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have:

1. JetBlue asserts that the Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the relief or recovery sought can be awarded.

2. JetBlue asserts that Plaintiff's claims are limited in scope by Plaintiff's administrative charge and any claims beyond the scope of such charge are barred.

3. JetBlue asserts that Plaintiff failed to satisfy all conditions precedent prior to commencement of this lawsuit.

4. JetBlue asserts that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5. JetBlue asserts that, at all times, JetBlue acted in good faith and with reasonable grounds to believe that it was in compliance with any and all duties and obligations that it may have had under all federal, state and local laws, rules, regulations, common law, and/or public policy.

6. JetBlue asserts that it has made good faith efforts to prevent discrimination and retaliation in the workplace, and thus cannot be liable for the decision of its agents, or punitive

damages, to the extent the challenged employment decisions were contrary to JetBlue's efforts to comply with anti-discrimination and/or anti-retaliation statutes.

7. JetBlue asserts that it has well-established policies and procedures regarding discrimination and retaliation. Thus, JetBlue cannot be held liable for any of the conduct alleged in the Complaint to the extent Plaintiff failed to avail herself of its policies and procedures.

8. JetBlue asserts that it is not liable for any alleged wrongful action taken by its employees which were taken outside the scope and course of their duties and which were not authorized, condoned, or ratified by JetBlue.

9. JetBlue asserts Plaintiff's alleged disability, alleged complaints, or use of FMLA leave were not factors that prompted JetBlue's employment decisions with respect to Plaintiff and that JetBlue had legitimate, non-discriminatory, and non-retaliatory reasons for its employment decisions, which Plaintiff cannot show were a pretext for unlawful discrimination or retaliation.

10. JetBlue asserts that all employment related decisions made with respect to Plaintiff, or which affected Plaintiff, were made in good faith, for legitimate, non-discriminatory and non-retaliatory reasons, and were based upon reasonable factors other than Plaintiff's alleged disability and/or alleged complaints.

11. JetBlue asserts any actions taken with respect to Plaintiff were taken in good faith, without malice.

12. JetBlue asserts that it would have made the same employment decisions with respect to Plaintiff in the absence of any alleged impermissible motivating factor or any alleged improper motive.

13. JetBlue asserts that Plaintiff's damages, if any, must be reduced, in whole or in part, because of Plaintiff's failure to mitigate his damages and, further, that any interim earnings or amounts earnable with due diligence by Plaintiff reduces any entitlement to back pay.

14. JetBlue asserts that Plaintiff's claims for damages are subject to the limitations on damages contained in the relevant statutes.

15. Plaintiff's claims are barred by estoppel, waiver, laches, unclean hands, and are otherwise without merit.

16. To the extent Plaintiff engaged in misconduct prior to applying for employment or during the course of employment with JetBlue which could have resulted in the denial of employment or discharge had said actions or omissions been known to JetBlue, any relief to Plaintiff shall be reduced in whole or in part.

17. JetBlue reserves the right to raise additional affirmative defenses as discovery progresses and as the interests of justice require.

WHEREFORE, having answered the Complaint and raised affirmative defenses thereto, JetBlue hereby requests: (1) that Plaintiff take nothing by reason of the Complaint, and that the same be dismissed with prejudice on the merits; (2) that JetBlue be awarded judgment in its favor against Plaintiff; and (3) that JetBlue be granted such further and other relief as the Court deems just and proper.

Respectfully submitted,

JETBLUE AIRWAYS CORPORATION
By its attorneys,

 /s/ Erik J. Winton
Erik J. Winton (BBO No. 600743)
wintone@jacksonlewis.com
JACKSON LEWIS P.C.
75 Park Plaza
Boston, MA 02116
Telephone: (617) 367-0025
Facsimile: (617) 367-2155

Samantha Abeysekera, Esq.*
Rebecca A. Cox, Esq.*
*pro hac vice application forthcoming
AKERMAN LLP
666 Fifth Avenue
New York, New York 10103
(212) 880-3800
Facsimile: (212) 905-6480

Dated: November 14, 2019

## **CERTIFICATE OF SERVICE**

        This hereby certifies that on this fourteenth day of November, 2019, a true and accurate copy of the above document was served upon Plaintiff's counsel, Chetan Tiwawri, Tiwari Law, P.O. Box 190878, Boston, MA 02119, via first-class mail, postage prepaid.

                                                    /s/ Erik J. Winton
                                                   Jackson Lewis P.C.

4824-5513-0285, v. 1